Filed 9/15/16  P. v. Joachim CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DUANE S. JOACHIM,<br><br>        Defendant and Appellant. | A146702<br><br>(Napa County Super. Ct.<br> No. CR131318) |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18,[1] which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felonies to misdemeanors.  Defendant Duane S. Joachim appeals from an order denying his petition, presented in propia persona, to reduce from a felony to a misdemeanor his conviction for receiving stolen property (§ 496, subd. (a)).  The trial court found appellant failed to show he was eligible for relief because he had not shown the value of the stolen property did not exceed $950.

Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.

---

[1] All undesignated statutory references are to the Penal Code.

1

(*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)[2] Counsel advised appellant of his right to file a supplemental brief (see *People v. Kelly* (2006) 40 Cal.4th 106), but appellant has not done so.

We have reviewed the entire record and have found no arguable appellate issues. The trial court properly determined that appellant is not eligible for relief under Proposition 47. Appellant "would be eligible for resentencing if the value of the stolen property that was the basis of his conviction under section 496, subdivision (a) did not exceed $950," but appellant did not meet his burden of showing the value of the property did not exceed that amount. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137; see also *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 [affirming denial of petition for resentencing where petitioner failed to show loss from shoplifting did not exceed $950].) Appellant did not have a Sixth Amendment right to counsel at the initial eligibility stage of his petition. (*People v. Rouse* (2016) 245 Cal.App.4th 292, 299; Couzens et al., Sentencing California Crimes (The Rutter Group 2016) § 25:15.) There are no legal issues that require further briefing.

DISPOSITION

The judgment is affirmed. This affirmance is without prejudice to the superior court's consideration of a subsequent petition offering evidence of appellant's eligibility for the requested relief.

---

[2] We assume for purposes of the present opinion that the protections afforded by the *Anders* and *Wende* decisions apply to an appeal from an order denying a petition brought pursuant to Proposition 47.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.